E-FILED
Friday, 01 February, 2019 03:55:03 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHARLES G. HOLLMAN, )<br>)<br>Defendant. ) | Case No. 1:18-cr-10037 |

## ORDER & OPINION

The undersigned referred the issue of restitution to Magistrate Judge Hawley on November 16, 2018. On January 14, 2019, Magistrate Judge Hawley issued his Amended Report and Recommendation (Doc. 29). Although neither party objected, the Court has decided to receive further evidence before making a decision. 28 U.S.C. § 636(b)(1).

At the outset, the Court notes Magistrate Judge Hawley's Amended Report and Recommendation provided a thorough analysis of the law and reached a conclusion which, the Court believes, was correct on the record provided to him. In short, the Court wishes to make clear that its decision to pursue a different path than Magistrate Judge Hawley recommended is not due to any error in the Amended Report and Recommendation but rather is due to a deficiency in the record. The Court shares Magistrate Judge Hawley's concern with the performance of the Government in this case, especially given that the Government's repeated failure to produce evidence ultimately prejudiced a victim.

Restitution under 18 U.S.C. § 2259 is mandatory and follows the same procedures set out in 18 U.S.C. § 3664 for general calculation of restitution. Section 3664 provides "the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order." § 3664(a). This report must include "to the extent practicable, a complete accounting of the losses to each victim" and if it is not practicable "the probation officer shall so inform the court." § 3664(a); Fed. R. Cr. P. 32(c)(1)(B) ("If the law permits restitution, the probation officer must conduct an investigation and submit a report that contains sufficient information for the court to order restitution."). As the Supreme Court has explained, this provision is mandatory. *Dolan v. United States*, 560 U.S. 605, 612 (2010) ("The statutes requires a sentencing judge to order probation office to prepare a report . . . .").

When Probation submitted its Presentence Investigation Report to the Court, it noted it had been unable to provide the information necessary to order restitution given the timeline of sentencing. (Doc. 13). The Court, upon realizing the issue of restitution warranted an extension, ought to have ordered Probation to submit a separate report on that issue pursuant to § 3664(a). But the Court did not.

"Wisdom too often never comes, and so one ought not to reject it merely because it comes late." *Henslee v. Union Planters Nat'l Bank & Tr. Co.*, 335 U.S. 595, 600 (1949) (Frankfurter, J., dissenting). The Court will now order Probation to submit a separate report in accordance with § 3664(a) setting forth a complete accounting of

the losses to the victim in the "Jenny" series. Following the submission of that report, the Court will hold a hearing to set the amount of restitution. The Court expects the Government will act in accordance with its responsibilities under § 3664.

## Conclusion

The Court declines to adopt the Amended Report and Recommendation (Doc. 29) and exercises its authority under 28 U.S.C. § 636(b)(1) to receive further evidence. Probation is ORDERED to submit a supplemental report, pursuant to 18 U.S.C. § 3664(a), which includes "a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of [the] defendant" no later than Friday, April 19, 2019. The Court will hold a hearing to determine restitution on Wednesday, May 1, 2019, at 1:30 p.m.

SO ORDERED.

Entered this 1st day of February 2019.

                                                s/Joe B. McDade
                                                JOE BILLY McDADE
                                      United States Senior District Judge